## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **PAUL BERRY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Civil Action** |
| | ) **Under the Fair Labor** |
| **v.** | ) **Standards Act,** |
| | ) **29 U.S.C. § 216** |
| **JERRY COX, d/b/a** | ) |
| **COX BAIL BONDS,** | ) |
| | ) |
| **Defendant,** | ) |
| | ) **JURY TRIAL DEMANDED** |
| **Serve at:** | ) |
| **545 Jefferson** | ) |
| **St. Charles, MO 63301** | ) |

### FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, Paul Berry, by and through his undersigned attorney, and states the following for his complaint against Defendants.

### Background

1.    Plaintiff brings this action for violations of certain provisions of the Fair Labor Standards Act ("FLSA") OF 1938, as amended (29 U.S.C. § 201 *et seq.*), hereinafter called the Act and pendant State law claims.

### Parties

2.    Plaintiff Paul Berry is an individual and citizen of the State of Missouri.

3.    Defendant Jerry Cox is an individual and citizen of the State of Missouri. At all relevant times Defendant Jerry Cox did business as Cox Bail Bonds located at 545 Jefferson, St. Charles, Missouri 63301.

## Jurisdiction

4.      This Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, over

this lawsuit because the cause of action arises under federal law, via the Fair Labor Standards

Act of 1938, 29 U.S.C. § 201 *et seq.*  The Court also has supplemental jurisdiction, pursuant to

28 U.S.C. § 1367(a), over Plaintiff's state law claim because such cause of action is so related to

the federal lawsuit that it relies on the same nucleus of operative facts giving rise to this

case/controversy.

## Applicable Facts

5.      Plaintiff was employed by Defendant Jerry Cox, d/b/a Cox Bail Bonds as an

office employee from August 3, 2007 to October 26, 2007.

6.      Plaintiff did not possess advanced specialized degrees in other professional fields.

7.      Defendant promised to pay Plaintiff $400.00 per week for his work.

8.      Defendant terminated Plaintiff's employment on October 26, 2007

9.      Plaintiff worked in excess of 40 hours per week for Defendant.

10.     Defendant has failed and refused to pay Plaintiff any wages for Plaintiff's work.

11.     Defendant did not keep accurate time records pursuant to the Act.

12.     Plaintiff was not paid premium pay for hours worked over forty (40) in a week.

## Count I

13.     Defendant did not pay Plaintiff any wages, which is directly contrary to the Act,

and did not pay overtime calculated at one and one half (1 ½) times the regular rate of pay for

each hour in excess of 40 hours per week.

14.     Such actions violate the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et

seq.*

15.    Defendant is versed in the law and as such is taxed with knowledge of the law.

Accordingly, Defendant's violations of the Act were willful.

16.    Defendant also violated the provisions of 11(c) and 15(a)(5) of the Act, in that

Defendant failed to make, keep, and/or preserve records of its employees and of wages, hours,

and other conditions and practices of employment related to its employees, including Plaintiff, as

described by the regulations promulgated under Section 11(C) of 29 C.F.R. Part 516.

## Count II

17.    Defendant's failure to pay Plaintiff any wages or overtime compensation as

outlined herein, also violated the wage and hour laws for the State of Missouri. Mo. Rev. Stat. §

209.500 *et seq.* 2003).

## Count III

18.    After being terminated from employment with Defendant, Plaintiff went to work

for Adam's Bail Bonds.

19.    Since that time, Defendant Jerry Cox, as an individual, and as an employee and

agent of Cox Bail Bonds has intentionally interfered with Plaintiff's ability to work for Adam's

Bail Bonds and to work as a Bail Bondsman. Defendant Jerry Cox committing the following

actions:

a.    Contacting Adam's Bail Bonds and attempting to get Plaintiff's
employment with Adam's Bail Bonds terminated;

b.    Sending to Adam's Bail Bonds' insurance company a document allegedly
from a printout from the "Regis" criminal documenting system, showing alleged
warrants and criminal violations on the part of Plaintiff, which were not true, in an
attempt to prevent Adam's Bail Bonds from obtaining Bail Bondsman insurance on
Plaintiff;

c.    Placing false criminal charges against Plaintiff in Saint Charles County,
Missouri, which has made it impossible for Plaintiff to engage in his business of being a
Bail Bondsman; and

d.     Contacting court clerks and/or other court personnel, advising them of the above referenced criminal charge in Saint Charles County, Missouri, and asserting that there was a warrant out for Plaintiff's arrest, which effectively prevented Plaintiff from engaging in his business as a Bail Bondsman.

20.    Plaintiff has requested both directly and through third persons that Defendant Cox, cease his conduct, but Defendant Cox, has failed and refused to do so. Defendant Cox continues his actions.

21.    Plaintiff has been damaged by Defendant Cox's conduct.

22.    Defendant Cox knew of the employment relationship between Plaintiff and Adam's Bail Bonds.

23.    Defendant Cox has no justification for his conduct.

## Prayer For Relief

24.    For the above reasons, Plaintiff seeks judgment against Defendants for the following:

a.     Actual damages, for back wages not paid by Defendant, and as measured by back overtime payments, calculated at the Plaintiff's regular rate of pay, calculated to include all non-discretionary bonuses;

b.     Liquidated damages in the same amount as back overtime payments, pursuant to 29 U.S.C. §216(b) or Mo. Rev. Stat. §290.527;

c.     Prejudgment and post judgment interest;

d.     Attorneys fees and costs of suit, under 29 U.S.C. §216(b) or Mo. Rev. Stat §290.527;

e.     All damages resulting from Defendant Cox's intentional interference with Plaintiff's business relationship with Adam's Bail Bonds and ability to work as a bail bondsman; and

f.     All other relief, in law and equity, the court deems necessary and appropriate.

Respectfully submitted,

4

CANTOR & BURGER, LLC

By:     /s/ Gary K. Burger, Jr.
        Gary K. Burger, Jr., #32460
        12101 Woodcrest Executive Dr.
        Suite 190
        St. Louis, MO 63141
        (314) 542-9999
        (314) 434-4459 (FAX)
        Attorney for Plaintiff