

# United States District Court
# Eastern District Of Missouri
# Eastern Division

PAUL BERRY,

Plaintiff

Case No.: 4:08CV00776 HEA

Gerald Wayne Cox Sr., d/b/a
Cox Bail Bonds

Defendant

### Plaintiff Motion to Request Contempt of Court Hearing and other Judicial Relief

COMES NOW, Plaintiff Paul Berry and for his Motion to Request Contempt of Court Hearing and other Judicial Relief, states as follows:

1. Plaintiff has filed suit before this Court against the Defendant and the matter was set by this Court for Jury Trial to begin on June 14th 2010.

2. Plaintiff's civil lawsuit before this Court claims Gerald Wayne Cox Sr. violated Department of Labor Fair Labor Standards Act and other civil torts including the Defendant filing a false police report against the Plaintiff.

3. Defendant, by and through counsel, made application to this Court requesting a Stay Proceedings in this matter due to Defendant Gerald Wayne Cox Sr.'s current mental capacity status.

4. Defendant's Motion to Stay Proceedings was not consented to by Plaintiff Paul Berry and to Plaintiff's knowledge Motion to Stay Proceedings was granted by this Court Ex Parte.

5. Plaintiff believes that Defendant Gerald Wayne Cox Sr. has misled this Court as to his mental ability to effectively participate in a Jury Trial in this matter.

6. Defendant's Motion to Stay Proceedings states that on April 26th 2010, Defendant Gerald Wayne Cox Sr. suffered a stroke and has been deemed mentally incapacitated to the point where further Court dates in this matter would be impossible.

7. Plaintiff asserts several actions committed by Defendant Gerald Wayne Cox Sr. after April 26th 2010 that directly refute Defendant's medical evidence that Gerald Wayne Cox Sr. can not appear at the trial date scheduled June 14th 2010 due to his mental incapacity.

8. Defendant Gerald Wayne Cox Sr. has continued to operate as a State of Missouri Licensed General Bail Agent since April 26th 2010 until presently.

9. Defendant Gerald Wayne Cox Sr. appeared in the State of Missouri 22nd Circuit Court on April 30th 2010 and May 28th 2010.

10. At the above mentioned court appearances, Gerald Wayne Cox Sr. gave testimony under Sworn Oath to State of Missouri 22nd Circuit Court Judiciary as relates to his qualification and current bail bond financial liability as a Missouri General Bail Agent.

11. Gerald Wayne Cox Sr. successfully qualified during the month of May and June 2010 in the State of Missouri's 21st Circuit Court and the 11th Circuit Court to perform services as a Missouri General Bail Bond Agent.

12. In order to qualify as a Missouri General Bail Agent in each of the above mentioned Missouri Circuit Court Jurisdictions, Missouri Circuit Court Local Rule requires specific actions to qualify as a General Bail Agent that as a matter of Missouri law only could have been performed by Gerald Wayne Cox Sr. if he was mentally competent at the time of such Missouri General Bail Agent qualifications.

13. Gerald Wayne Cox Sr. has been duly issued and currently maintains a State of Missouri General Bail Agent License.

14. Missouri Statute requires all duly Licensed Missouri General Bail Bond Agents to perform duties that are either commentate or more mentally and physically intense than testifying in a court of law.

15. The above mentioned actions include but are not limited to court appearances, supervising Missouri Bail Agent's under his authority, collection of bail bonds premiums from client's and Missouri Bail Agent's under his authority, supervision and monitoring all Bail Bond clients, maintain and certify financial accounting of all Bail Bonds liability under his authority, personally respond to all correspondence received from the State of Missouri or any Missouri Court in which a bail bond has been posted, issue and account for all Bail Bond certificates under his authority and make liability assessments of potential clients and Bail Bond Agents working under his authority.

16. As of the date and time this motion is filed, Gerald Wayne Cox Sr. has not surrendered his Missouri General Bail Bond Agent License and has continued to operate as a General bail bondsmen under his own name.

17. As of the date and time this motion is filed, Gerald Wayne Cox continues to supervise several Missouri Bail Agents working under his authority.

18. Missouri Statute requires all duly licensed Missouri General Bail Bond Agents to personally file an affidavit in relation to all monthly bail bonds activity.

19. As a matter of Missouri Bail Bonds Statute, only Defendant Gerald Wayne Cox Sr. is authorize to sign above mentioned affidavit to maintain his Missouri General Bail Bond Agent license.

20. Defendant Gerald Wayne Cox Sr. filed required Missouri General Bail Bond Agents monthly affidavit after April 26th 2010 and before May 10th 2010 in order to maintain his State of Missouri General Bail Bond Agent license.

21. The Plaintiff believes based upon Defendant Gerald Wayne Cox Sr.'s current Missouri General Bail Agent operations that Missouri General Bail Bond Agents monthly affidavit was filed for the month of June 2010 recently.

22. On behalf of Cox Inc, a Missouri Corporation, Gerald Wayne Cox Sr. personally endorsed by signature a State of Missouri corporate registration filing with the Missouri Secretary of State on May 13th 2010. (Exhibit A., attached hereto).

23. The Plaintiff believes that there is evidentiary significance in the fact that the date of Defendant Gerald Wayne Cox's signature endorsement on the above mentioned Missouri Secretary of State corporate registration filing, May 13th 2010, is the exact same day Defendant's statement of medical condition was drafted. (Exhibit B, and Exhibit C., attached hereto)

24. The Plaintiff respectfully request this Court take notice, in reference to Exhibit A., that Missouri law prohibits any person who is mentally incompetent the ability to endorse any Missouri Secretary of State Document filing.

25. On May 14th 2010, Gerald Wayne Cox Sr. created a new Missouri Corporation through filings made with Missouri Secretary of State. (Exhibit D, and Exhibit E., attached hereto)

26. The date of the above mentioned Missouri Secretary of State Corporation creation, in reference to the Defendant Gerald Wayne Cox Sr. (Exhibit D, and Exhibit E., attached hereto), occurred the day after the medical letter provided by the Defendant's motion in question was drafted.

27. No person deemed medically incompetent would be legally permitted in any United States State, Territory or Jurisdiction to endorse any legal document as is required of a Missouri General Bail Bond Agent.

28. Defendant Gerald Wayne Cox Sr. is the Plaintiff in an active Federal Civil lawsuit filed in United States District Court, Eastern District of Missouri, Eastern Division. (Plaintiff's Exhibt F)

29. The above mentioned United States District Court Federal Civil Court Case is styled Gerald Wayne Cox Sr. and James Gregory Cox vs. The City of Maryland Heights et al.

30. No such assertion of mental incompetence was made by Defendant Gerald Wayne Cox Sr. in the above reference Federal Civil lawsuit in which Mr. Cox is the main Plaintiff.

31. Defendant Gerald Wayne Cox Sr. did not provide to this Court one certified medical record or hospital admissions records in reference to Defendant's Motion to Indefinitely Stay Proceedings in this matter.

32. Medical Evidence provided to this Court, in form of a letter, does not state the length in which Defendant Gerald Wayne Cox Sr. has been under the evaluation of said Physician's care and only states that Mr. Cox "appeared agitated

33. While the medical prognosis in the medical letter provided in support of Defendant's motion is an unfortunate occurrence, the medical letter did not indicate any physical ailment or in patient medical treatment that would prohibit Gerald Wayne Cox Sr.'s personal appearance at a motion hearing before this Court.

34. Plaintiff Paul Berry states to this Court that the Stay of Court Proceedings Motion granted in this matter has caused damage as to allow the Defendant an ill-gotten total stoppage in all Court proceedings in order to avoid a June 14th trial date in the above referenced Federal employment rights case.

35. Federal statute and law grants United States District Court Judiciary the authority to Order and Convene a Contempt of Court Hearing in any Federal Court Case in which they duly serve over and may proceed with scheduling and executing such Contempt of Court Hearing without motion to request Contempt Hearing from either party and without a written responding Court motion filed from either legal party.

36. In reference to any Contempt of Charge Hearing, United States District Court Judiciary are permitted but not limited to under Federal statute and law to directly summon relevant witnesses, Subpoena document evidence, conduct oral examination, assign Court's clerks specific research tasks to located official records pertaining to issuing a ruling on the question of Contempt and apply such legal determination of Contempt towards proper sanctions against the offending party.

37. Since this Court has issued Stay of Proceedings motion, Plaintiff Paul Berry states that attorney of record has stated that he's unavailable to convey the following evidence and legal issues raised in this Motion to this Court.

38. As such, Plaintiff Paul Berry files this motion pro se and prays this Court take any action or remedy available to United States District Court Judiciary in the above referenced matter regardless of affirmation or denial of this Motion, "In the Interest of Justice".

WHEREFORE, based on the previous stated facts, Plaintiff respectfully requests this Court Order a Contempt of Court Hearing in this matter to determine whether Defendant Gerald Wayne Cox Sr.'s mental competency status as relates to the above referenced matter was fabricated in order to delay trial before this Court at the earliest possible Court date and order the Defendant Gerald Wayne Cox Sr. to appear in person with Counsel at such hearing to "show cause" under Court Oath why Defendant's Motion to Stay Proceedings in this matter should be further Order by this Court.

Pursuant to the authority granted to this Court by Federal law and statute, if this Court finds that the Defendant Gerald Wayne Cox Sr. purposely deceived this Court in relation to his mental capacity to participate in a jury trial in this matter, the Plaintiff respectfully request this Court grant a Default Judgment in favor of Plaintiff.

Plaintiff respectfully request in the event Defendant Gerald Wayne Cox Sr. does not appear in person to the above mentioned hearing do to mental incompetence or medical incapacity, that the Defendant Gerald Wayne Cox Sr. be found in Contempt of Court and this Court issue a Federal injunction to the Missouri Department of Insurance barring Gerald Wayne Cox Sr. from operating as a Missouri General Bail Agent until such time as Gerald Wayne Cox Sr. is found mentally competent to stand trial in this matter and any other relief available from this Court.

Plaintiff respectfully requests this Court Stay any and all motions under the Jurisdiction of this Court in this matter, as to not create or allow further Court delay until such time as Defendant Gerald Wayne Cox Sr. and/or his Counsel appear in person before this Court.

Plaintiff respectfully request this Court issue a Judicial Summons Order in this matter for the following persons to appear and provide independent oral testimony before this Court and provide to this Court all documents filed by and on behalf of Defendant Gerald Wayne Cox Sr. between April 2010 until the service of summons, including June 2010, as relates to all bail bond activity conducted by Gerald Wayne Cox himself and under his supervision that would not be legally permitted if Gerald Wayne Cox Sr. was in fact mentally incompetent:

**Mariano Favazza**
(22nd Circuit Court Jurisdiction)
22nd Circuit Court Clerk
Civil Courts Building
10 North Tucker
St. Louis MO 63101
314-622-3340

**Lt. Keith Morgan**
(21nd Circuit Court Jurisdiction)
22nd Circuit Court Clerk
St. Louis County Justice Center
100 South Central
Clayton MO 63105
314-615-5245

**Judy Zerr**
(11th Circuit Court Jurisdiction)
11th Circuit Court Deputy Court Clerk
11th Circuit Court Clerk's Office
300 North Main
St. Charles MO 63301
636-949-7380

Plaintiff respectfully request this Court issue a Judicial Summons Order to compel James Gregory Cox, the individual who Gerald Wayne Cox Sr. endorsed and assigned as his Missouri registered business agent on May 13th 2010, to give oral testimony as relates Gerald Wayne Cox's mental competency in relation to his operation as a Missouri General Bail Agent and a owner of a Missouri Corporation:

**James Gregory Cox**
(Work Address)
Cox Bail Bonds
2961 Westerland
St. Charles Mo 63301
636-949-2002
636-949-6500

Additionally the Plaintiff requests this Court notify counsel for Plaintiff and Defendant by telephone and Pacer automated court scheduling system of Contempt of Court Hearing and require their personal appearance in this matter.

                                        Respectfully Submitted

                                        Paul Berry III

_____
Plaintiff

## Certificate of Service

I hereby certify that a copy of the foregoing was mailed

to <u>Larry A. Bagsby</u>  at <u>Bagsby and Lee LLC</u>
   (Opposing Party or Counsel)

<u>1600 Heritage Landing</u>

<u>Suite 201  St. Charles MO 63303</u>
               (Address)

on <u>June 1st</u>, 2010.
  (Date)

_____
(Your Signature)