UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL BERRY, ) | |
| ) | |
|    Plaintiffs, ) | |
| ) | Case No. 4:08CV776 HEA |
| vs. ) | |
| ) | |
| ) | |
| JERRY COX, d/b/a COX BAIL ) | |
| BONDS, ) | |
| ) | |
|    Defendant. ) | |

## **ORDER**

This matter is before the Court on Defendant's Motion to Strike Pleadings,, [Doc. No. 70]. Plaintiff did not file a written opposition to the motion. On February 27, 2012, however, Plaintiff did appear at the Court set hearing on the Motion, at which the Court heard arguments from counsel for Defendant and Plaintiff, proceeding *pro se.*

The Court set this matter for trial for February 27, 2012. The Court's notification to Plaintiff was returned on December 1, 2011. A deputy clerk of the Court telephoned Plaintiff at the telephone number listed on the Court's docket sheet. A message was received that the telephone number did not have a voice mailbox set up.

On December 7, 2011, the Court issued an Order in which the Court ordered

that the Order setting the matter for trial be resent to the last known address of Plaintiff.  The Order further ordered that in the event the Order was returned by the United States Postal Service as undeliverable, and Plaintiff failed to contact the Court to notify it of his address and telephone number before the trial setting, the matter would be dismissed.  The mail was returned as undeliverable on December 15, 2011, however, Plaintiff telephoned the Court and provided his new address.

On February 24, 2012, Defendant filed the instant motion.  In the motion, Defendant notifies the Court that Plaintiff has failed to provide Defendant with the required stipulations; list of witnesses; exhibits; depositions; interrogatory answers, and request for admissions; instructions; and trial brief.

At the hearing, the Court inquired of Plaintiff the reasons for his failure to provide Defendant with the Court ordered pre-trial information.  Rather than answer the Court's questions, Plaintiff again reiterated his position about not having deposed Defendant's decedent and failed to adequately apprise the Court and Defendant the reasons why Plaintiff has taken no steps to comply with the Court's pre-trial disclosure requirements.

As Defendant correctly points out, Rule 16 of the Federal Rules of Civil Procedure provides that sanctions may be entered by the Court if a party fails to

comply with discovery. Because Plaintiff has been given every opportunity so far to explain and rectify his deficient disclosures, the Court agrees that sanctions are warranted. The Court will grant Defendant's Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike Pleadings, [Doc. No. 70], is granted.

**IT IS FURTHER ORDERED** that Plaintiff's pleadings are hereby stricken, and this matter is dismissed.

**IT IS FURTHER ORDERED** that the Court will not consider a motion to reinstate without sufficient explanation of the reasons for his shortcomings.

Dated this 29th day of March, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE